**Gary Del GLOVER, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 73-2046

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1973.

Gary Del Glover, pro se.

Lang A. Baker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

*Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

1. The matter was handled by a magistrate whose findings, conclusions and recommendation were adopted by the district court. The clerk of the district court has advised this

PER CURIAM:

In its consideration of this state prisoner's habeas petition, the district court neither held an evidentiary hearing nor had before it the record of petitioner's trial, or at least the state record was not introduced into evidence.[1] That court has thus failed to conduct its required independent inquiry into the petitioner's constitutional claims. See Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Its judgment is therefore vacated and the case is remanded for further consideration.

court that all state court materials filed as exhibits in district court were transmitted to this court. The state trial record is not among these exhibits.